FRANCIS B. STRYKER, JR., Appellant, *v.* PATRICK CASSIDY, Respondent.

Under the mechanics' lien law of 1862 (chap. 478, Laws of 1862), for the counties of Kings and Queens, an architect, employed by the owner to superintend the erection or alteration of a building, is entitled to a lien upon the premises for the value of his services, on filing the prescribed notice.

The word "labor," in the statute, includes skilled as well as unskilled labor; and the act protects all persons who perform "labor," in the construction or reparation of a building, irrespective of the grade of their employment or the particular kind of service.

*Aikin* v. *Wasson* (24 N Y., 482), and *Coffin* v. *Reynolds* (37 id., 640), distinguished.

The plaintiff, in an action to enforce a lien under said statute, is not precluded by an account rendered, but not assented to by defendant, from claiming and recovering a larger sum.

*Stryker* v. *Cassidy* (10 Hun, 18), reversed.

(Argued December 16, 1878; decided January 21, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee, and ordering a new trial. (Reported below, 10 Hun, 18.)

This action was brought to enforce a mechanic's lien, under the mechanics' lien law for the counties of Kings and Queens. (Chap. 478, Laws of 1862.)

The lien claimed was for the services of plaintiff, as architect in superintending the building, altering and repairing of certain houses upon premises of defendant and under a contract with him.

The facts appear sufficiently in the opinion.

_N. C. Moak_, for appellant. A mechanic's lien law is to be treated as a remedial statute and not to be so strictly construed as to deprive creditors of the benefit intended to be conferred. (_Chase_ v. _James_, 10 Hun, 507; _Hubbell_ v. _Schreyer_, 15 Abb. Pr. [N. S.], 300; 14 id., 284.) It covers anything used about the construction of the building. (_Hazard Power Co._ v. _Byrnes_, 12 Abb. Pr., 469; Phillips on Mechanics' Liens, §§ 3, 48, 158; _Kent_ v. _N. Y. C. R. R. Co._, 12 N. Y., 631–632; _Henderson_ v. _Mayor_, 92 U. S., 268.) Plaintiff's work is as much entitled to the designation of labor and services as that of the foreman of carpenters, masons or plumbers. (_Mut. B. L. Ins Co._, 26 N. J. Eq., 389, 397; _B'k of Penn._ v. _Gries_, 35 Penn., 423–426; _Knight_ v. _Norris_, 13 Minn., 473–476; _Parker_ v. _Bell_, 7 Gray, 432; _Capron_ v. _Stuart_, 11 Nev., 304, 310; _Mulligan_ v. _Mulligan_, 18 La. An., 20–22; 1 Domat's Civil Law, by Strahan, §§ 1736, 1744; _Erickson_ v. _Brown_, 38 Barb., 390, 391; _Aikin_ v. _Wasson_, 24 N. Y., 482, 483; _Coffin_ v. _Reynolds_, 36 id., 640–642; _Gurney_ v. _At., etc._, 58 id., 358, 367, 371; _Williamson_ v. _Wadsworth_, 49 Barb., 294; _Richardson_ v. _Abendroth_, 43 id., 162, 298–299; _Aikin_ v. _Wasson_, 24 N. Y., 482; _Vincent_ v. _Bamford_, 12 Abb. Pr. [N. S.], 252; 33 N. Y. Supr. Ct., 506, 510; _Hovey Tenbroeck_, 3 Robt., 316; _Coffin_ v. _Reynolds_, 37 N. Y., 642; _Conant_ v. _Van Schaaick_, 24 Barb., 87; _Herries_ v. _Norval_, 14 Alb. L. J., 432.)

_H. C. Place_, for respondent. Plaintiff is not one of the persons protected by the lien law of 1862 (chap. 478), that act

being intended for the protection of laborers and material men. (*Aikin* v. *Wasson*, 24 N. Y., 482; *Coffin* v. *Reynolds*, 37 id., 640; *Balch* v. *N. Y. and Os. M. R. R. Co.*, 46 id., 521.)

ANDREWS, J. This case presents the question whether an architect employed by the owner, to superintend the erection or alteration of a house or other building, is entitled under the act (chap. 478, of the Laws of 1862), to a lien upon the premises for the value of his services, on filing the notice provided in the act. The act authorizes a lien to be created in favor of "any person who shall perform any labor, or furnish any materials, in building, altering, or repairing any house, etc., by virtue of any contract with the owner," etc. This language is general and comprehensive, and its natural and plain import includes all persons, who perform labor, in the construction or reparation of a building, irrespective of the grade of their employment, or the particular kind of service. The architect who superintends the construction of a building performs labor as truly as the carpenter who frames it, or the mason who lays the walls, and labor of a most important character. It is not any the less labor within the general meaning of the word, that it is done by a person who is fitted by special training and skill for its performance. The language quoted makes no distinction between skilled and unskilled labor, or between mere manual labor and the labor of one who supervises, directs, and applies the labor of others. The plaintiff is within the language of the first section, and his right to a lien must be conceded, unless it appears from other parts of the act, that it was not the intention of the Legislature to give a lien for the kind of labor performed by him. Looking at the whole act it is plain that it was not passed simply for the protection of laborers, using that word in a restricted sense as designating those who work with their hands, and are dependent upon their daily toil for their subsistence. Mechanics' lien acts were originally enacted for the especial protection of this class

of persons, but their scope has been greatly extended. Under the act in question a lien may be created not only in favor of workmen employed by a contractor, but in favor of the contractor also. The lumber dealer, the hardware merchant, in short any person who supplies materials for the use of the building, may acquire a lien thereon for their value. The right to acquire a lien is not confined to persons who may be supposed to need the especial protection of the State.

The general principle upon which the lien laws proceed, is that any person who has contributed by his labor, or by furnishing materials to a structure erected by an owner upon his premises, shall have a claim upon the property for his compensation. The dealer who furnishes the paints and oils, the ordinary workman who applies them or the artist who uses his skill and taste in executing a mural painting, are alike protected by the act. And an architect who makes the plans and supervises the erection of a building is within the words and reason of the law.

The cases of *Aikin* v. *Wasson* (24 N. Y., 482), and *Coffin* v. *Reynolds* (37 id., 640), arose under statutes, making stockholders of corporations liable for debts owing by the corporation to "laborers or servants," and the court, proceeding upon the ground that the statutes then under consideration were intended for the protection of persons belonging to the class commonly known as laborers or servants, and performing manual labor merely, held in the one case that a contractor for building a portion of a railway, and in the other that a secretary of a corporation to whom the corporation was indebted for services in that capacity were not laborers or servants within the acts in question.

The lien law in question here does not indicate an intention to restrict the benefits of the lien to laborers or servants in the sense in which those words were used in the statutes under consideration in the cases cited. Contractors are clearly within it, as its provisions show, and there seems to be no ground for refusing a lien to an architect, and allowing it in favor of contractors, or dealers who furnish materials to

be used in the erection. The lien is given to all persons performing labor and not to a particular class of laborers, as in the other statutes referred to. We are therefore of opinion that upon the facts in the case, the plaintiff was entitled to a lien, and that the conclusion of the General Term upon this point was erroneous.

The point is taken that it did not appear that a copy of the notice of lien had been served on the owner. Without determining whether the service of such notice was essential to the creation of a lien, it is sufficient to say that this point was not suggested on the trial, and as the objection if taken at that time might for all that appears have been obviated, it cannot now be considered.

The plaintiff was not precluded by the account rendered, from claiming a larger sum in the action subsequently brought, or from recovering a larger sum if the proof justified it. The defendant did not assent to the account as rendered, and it was for the referee to determine the weight to be given to the account rendered as an admission of the extent of the plaintiff's claim. (*Williams* v. *Glemey*, 16 N. Y., 389.)

The order of the General Term should be reversed, and judgment on the report of the referee affirmed, with costs.

All concur, except MILLER, J., not voting.

Judgment reversed.