(3 App. Div. 305.)

### RINN v. ELECTRIC POWER CO. OF STATEN ISLAND et al.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

1. MECHANIC'S LIEN—ARCHITECT—PLANS AND SUPERINTENDENCE.

An architect, who prepares plans for a building, and also superintends its construction, is entitled to a mechanic's lien for his entire services; but the preparation of plans alone, not supplemented by superintendence, does not give him a lien.

2. SAME—MODIFICATION OF PLANS BEFORE CONSTRUCTION.

An architect prepared plans for a building, the erection of which he was also to superintend,—his compensation to be a certain percentage of the cost and his expenses while acting as superintendent. It was shown that, by the custom of the profession, a certain part of the commission was charged for preparing the plans, and the remainder for superintendence, and that, where a building was not erected, or not completed, the commission for superintendence was charged only upon the amount actually expended. Before the building was commenced the plans were modified, by direction of the owner, so as to provide for the present erection of only one-half the entire building. When such half was partially built, the owner became insolvent, and building was stopped. *Held,* that, as the modification in plans was agreed to before the construction was begun, the architect was entitled to a lien for but one-half his commission for the entire plans,

and, in addition, for all his expenses, and his commission for superintendence on the amount actually expended.

Appeal from special term, Richmond county.

Action by J. Philip Rinn against the Electric Power Company of Staten Island, Albert B. Boardman, as receiver, and others, to foreclose a mechanic's lien. From a judgment denying a lien as to a portion of the claim, plaintiff appeals. Modified.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Edward B. Hill, for appellant.
Lester W. Clark, for respondents.

HATCH, J. The facts upon which this appeal is to be determined are practically without dispute. The action is to foreclose a mechanic's lien. Plaintiff is an architect, and was employed by the defendant company, in 1892, to prepare plans for and superintend the construction of a power house at New Brighton, Staten Island. His compensation, provided by agreement, was 5 per cent. on the cost of the structure, and expenses. After the preparation of the plans the company requested him to modify them by limiting the construction to one-half of the building. This plaintiff complied with by providing an 18-inch wall, running through the center of the proposed structure. The construction of this building was then entered upon, and when about half completed the company became insolvent, and was placed in the hands of the receiver. When the work was abandoned $115,000 had been expended thereon, and to complete the same would have required about $50,000. The estimated cost of the whole building, when planned, was $330,000. Plaintiff's compensation, as agreed upon, was 5 per cent. of the cost of the structure; but, by custom, among architects, established upon the trial, when the building is not erected, or if the erection is begun and not completed, the compensation is reduced by $1\frac{1}{2}$ per cent. of the cost of the part not erected,—the compensation of 5 per cent. being made up by a charge of $3\frac{1}{2}$ per cent. for preparing plans and $1\frac{1}{2}$ per cent. for supervision. His expenses were $440.80. Plaintiff's present claim is that he was entitled to a lien of $10,288.35, and, if not entitled to the whole sum, for more than the court has allowed. His claim is made up by charging 5 per cent. on the amount expended, $3\frac{1}{2}$ per cent. on $216,000, the estimated cost of completion, and expenses. The admitted payment is $3,427.45.

The court below found and stated plaintiff's account as follows:

| | |
|---|---|
| For preparing plans for the whole structure | $11,550 00 |
| Expenses | 440 00 |
| | $11,990 00 |
| Payments | 3,427 45 |
| | $8,562 55 |
| One-half | $4,281 22 |
| One and a half per cent. for supervising $115,000 expended | 1,725 00 |
| | $6,006 22 |

—Which sum he determined was a lien, and directed a personal judgment for the remainder of the claim.

The only substantial point in controversy relates to the extent of the lien.    There is no decision in this state, that we are able to find, where it has been held that an architect who simply prepares plans and specifications is embraced within the lien law of the state. Wherever the question has arisen, the preparation of plans has been accompanied by superintendence of the construction.    In Stryker v. Cassidy, 76 N. Y. 50, the court of appeals held, reversing the general term, which denied the existence of the lien, that an architect was entitled to it.    But in that case there was present the element of actual supervision.    In disposing of this question the court said:

"The architect who superintends the construction of a building performs labor as truly as the carpenter who frames it, or the mason who lays the walls, and labor of a most important character."

The stress of the whole opinion is laid upon the fact that there is active participation in the manual function of construction, rather than in the preparation of the plans for the edifice.

In Bank v. Gries, 35 Pa. St. 423, this distinction was recognized, and it was there held that an architect, who only furnishes plans, and performs no work upon the building, is not entitled to a lien. In Ames v. Dyer, 41 Me. 397, it was held that a mold from which a ship's timbers are formed does not enter into the structure, and is, therefore, not embraced as material for construction.    In Central Trust Co. v. Richmond, N. I. & B. R. Co., 54 Fed. 723, it was intimated that a consulting engineer, whose work was only advisory, would have no lien, but one who actually superintended would.    In Phœnix Furniture Co. v. Put-in-Bay Hotel Co., 66 Fed. 683, it was doubted if a lien could be maintained by an architect who only furnished plans and specifications.    In all the cases which have fallen under our observation, the lien was denied, or there was concurrence of plans and superintendence.    Gardner v. Leck, 52 Minn. 522, 54 N. W. 746; Knight v. Norris, 13 Minn. 473 (Gil. 438); Von Dorn v. Mengedoht, 41 Neb. 525, 59 N. W. 800.

We think the court below was right in holding that it is the part the architect takes during the construction that draws his services within the lien law.    This rule, as applied here, limited the lien to the actual superintendence of the part constructed.    Before the construction was entered upon, plaintiff was informed of the modification proposed, and changed his plans accordingly.    When the construction was begun, he then knew, and assented thereto, that the building, which was to be erected, was only one-half of the one originally proposed; that the other half might or might not be erected, as contingencies dictated.    And when the work was begun, as well as when work stopped, it was the common understanding that only the half would then be erected.    It cannot, therefore, be said that more than this part was erected, within the contemplation of the parties, even though, as part thereof, the foundation for another chimney, which might be used·in the other half, was laid.    In fact, its construction was never entered upon.    The argument of plaintiff that his plans may be used eventually in the construction of the

other part does not aid him. He never had a lien for his plans. If nothing had been erected, he would have had his damages,—no more. He has his judgment for damages now, and the court can no further aid him.

It is quite apparent, however, that plaintiff is entitled to a modification of his judgment. The court below only allowed him a lien for one-half of his expenses. He was entitled to the whole sum. This item was all incurred in and about the construction of the building, and consequently was subject to no deduction. This sum amounts to $220.80, which should be added to the amount allowed as a lien, and deducted from the general judgment ordered. Plaintiff is also entitled to interest upon the respective amounts allowed. In all other respects we think the conclusion was right.

The judgment will be modified in accordance with this opinion, and, as modified, affirmed, without costs. All concur.