(111 App. Div. 358)

THOMPSON–STARRETT CO. v. BROOKLYN HEIGHTS REALTY CO.

(Supreme Court, Appellate Division, Second Department. March 16, 1906.)

1. MECHANICS' LIENS—GROUNDS FOR LIEN—PERFORMANCE OF WORK.

Where the contractor for the erection of a building on a lot on which there were old buildings took down the old buildings, and· sold the materials at a profit, and prepared plans for the proposed new building, and during· the preparation of· the plans an engineer employed by the .contractor visited the site and made certain examinations, and the contract was then breached by the owner, the contractor was not entitled to a mechanic's lien.

2. ACTION TO ENFORCE LIEN—RECOVERY ON QUANTUM MERUIT.

Code Civ. Proc. § 3412, in relation to mechanics' liens, provides that, if a lienor shall fail for any reason to establish a valid lien in an action, he may recover judgment for such sums as are due him, or which he might recover in an action on a contract against any party to the action. *Held*, that a personal judgment is not authorized in favor of one who never could have had a lien.

3. SAME—CONDITIONS PRECEDENT TO RECOVERY.

Where a building contract required an architect's certificate as a condition precedent to the contractor's right to a payment in an action to enforce a mechanic's lien, the contractor could not recover a personal judgment under the statute, where he had not proved that he had obtained the required certificate.

Appeal from Special Term, Kings County.

Action by the Thompson-Starrett Company against the Brooklyn Heights Realty Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Charles L. Kingsley, for appellant.
John Hill Morgan, for respondent.

RICH, J. This is an appeal from a judgment dismissing the plaintiff's complaint. The action was brought to foreclose a mechanic's lien. The defendant was the owner of real property in the borough of Brooklyn upon which were old buildings. On March 9, 1904, it entered into a contract with the plaintiff, in which the latter undertook and agreed to furnish all the materials and perform all the labor necessary and required for the erection and completion of an apartment hotel upon said premises for the sum of $892,500. Under the provisions of this contract, the plaintiff caused the buildings to be torn down and removed, receiving therefor from a subcontractor $3,500, without incurring or paying any· expense in connection with such work. The contract was silent in regard to the ownership of the materials in such buildings after demolition, but it was established on the trial that when a building contract was silent on such subject all materials in the buildings torn down belonged to the contractor. The plaintiff caused plans for the proposed new building to be made by its employés, during the preparation of which an engineer in plaintiff's employ went to the site, examined the buildings and condition of the earth, to determine the weight and style of the foundation to be constructed, and also examined a party wall between the old building and an adjoining one that had

to be cared for and guarded against injury in excavating by plaintiff. This was done to learn existing conditions, in order to intelligently make the required plans for the new building. Aside from this nothing was done by the plaintiff under the provisions of the contract. The defendant was required, when the buildings were "razed to the ground," to pay all existing incumbrances upon the property, and execute a bond, secured by a first mortgage thereon in favor of plaintiff or any person it might designate, in the sum of $800,000; to pay $50,000 when the steel work was erected to a height of four stories, and $42,500 when all the steel frame was up. The defendant was unable to perform its agreement to pay the existing mortgages on the property, and the plaintiff thereupon filed the mechanic's lien to foreclose which this action was brought.

The memorandum opinion of the learned trial justice is as follows:

"Plaintiffs have a claim against defendant for breach of contract, but cannot foreclose it in this lien action because the making of plans for building gives no lien. Rinn v. Electric Power Co., 3 App. Div. 305, 38 N. Y. Supp. 345. The tearing down of a building gives no lien. In this case plaintiffs have been more than paid for that work. As there could not be a lien, there can be no personal judgment. Mowbray v. Levy, 85 App. Div. 68, 82 N. Y. Supp. 959. Judgment for defendant, with costs."

In this conclusion we think he was clearly right. There is nothing in the case under consideration tending to remove it from the principle declared in Rinn v. Electric Power Co., 3 App. Div. 305, 38 N. Y. Supp. 345, that the simple preparation of plans and specifications gives no right to a lien, and is not embraced within the lien law of the state, with the exception of the fact that, in order to qualify himself for the proper preparation of such plans, plaintiff's engineer visited the premises, and inspected the building, ground, and adjoining party wall, and the tearing down of the buildings; which does not constitute such an active participation in the manual functions of the construction of a proposed building as to take the case out of the operation of such principle. There was no construction in fact of any kind. The excavation for the foundation was not even done; consequently, there was no supervision or superintendence of construction. All that was done was the preparation of the plans, the tearing down of the old buildings, and removal of the materials of which they were composed. There is an entire absence of the "concurrence of plans and superintendence upon which liens were sustained in the cases to which our attention is directed."

The plaintiff contends that the demolition of the old buildings is the performance of labor for the "improvement of real property," within the meaning of the mechanic's lien law, and makes its lien, to the extent of the value of such work, valid and enforceable, and, being valid in part, authorizes and entitles it to a personal judgment for the damages it has sustained by defendant's breach of contract. But this contention overlooks the fact that for such services the plaintiff incurred no expense whatever, and actually received $3,500 over and above the value of such labor. For such work there was nothing due it from the defendant, and, there being no debt of the owner, there can be no lien upon the owner's land; as well as the further fact that the statute a-

ferred to defines the word "improvement" as being "work done upon such property or materials furnished for its permanent improvement." The tearing down of an old building can hardly be said to permanently improve the naked land. I do not think that it was within the intention of the law makers that such work should give the person performing it a lien, and such a construction of the statute is not warranted. While the plaintiff may have a cause of action against the defendant for a breach of contract, and be entitled in such action to recover the damages it has sustained, such cause of action furnishes no basis for a lien, and gives no right of recovery in this action.

The appellant also urges that it was entitled to recover in this action upon a quantum meruit; its complaint alleging the existence and breach of a contract by defendant without fault on its part, and that the reasonable cost and value of the labor done and performed by it was $2,500. In support of this contention section 3412 of the Code of Civil Procedure, and Shirk v. Brookfield, 77 App. Div. 295, 79 N. Y. Supp. 225, Boyd v. Vale, 84 App. Div. 414, 82 N. Y. Supp. 932, and Baumann v. Manhattan Consumers' Brewing Co., 97 App. Div. 470, 89 N. Y. Supp. 1088, are cited. There is no question of the correctness of the principle declared in these cases, but it is not applicable to the case at bar, for the reason that before it could avail the plaintiff it must have been established that some portion of the lien sought to be enforced was valid and enforceable; in which event a personal judgment for the balance due and unpaid might properly have been rendered, and the case is barren of such evidence. This court has held that where no valid lien is acquired a personal judgment is not authorized by the section of the Code cited. Mowbray v. Levy, 85 App. Div. 68, 82 N. Y. Supp. 959. If a personal judgment is not authorized, there could be no recovery upon a quantum meruit. Were this not so the right to such recovery, given by section 3412, is expressly limited to such sums as are due plaintiff, "or which he might recover in an action on a contract against any party to the action." Here again the plaintiff is confronted by an unsurmountable obstacle, for it failed to allege or prove upon the trial that it obtained of the architect the certificate required in the contract as a condition precedent to a right of payment, or that such certificate was reasonably withheld. The evidence, therefore, fails to establish that there was anything due from the defendant when the lien was filed, and the provisions of section 3412 do not aid or sustain plaintiff's contention.

No errors appear that would justify reversal, and the judgment must be affirmed, with costs.