SANGUINETT & STAATS v. COLORADO SALT CO. et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 15, 1912. Rehearing Denied Oct. 19, 1912.)

MECHANICS' LIENS (§ 36*)—WHO MAY OBTAIN—RIGHT OF ARCHITECT—"LABOR."

An architect preparing plans and specifications for a building and superintending its construction furnishes "labor" for the erection of such building and is entitled to a mechanic's lien under Sayles' Ann. Civ. St. 1897, art. 3294, giving a lien to any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor, who may labor or furnish material, etc., to erect any house or improvement, or repair any building or improvement, even if such architect is not an "artisan," "laborer," or "mechanic," since, by the use of the expression "any person or firm, * * * who may labor," an intention is evidenced to provide a lien for any and all persons, whether artisans, laborers, mechanics, or not, who may labor to erect a house or improvement.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 41; Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 5, pp. 3948–3951.]

Appeal from District Court, Mitchell County; James L. Shepherd, Judge.

Action by Sanguinett & Staats against the Colorado Salt Company and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Bryan & Spoonts, of Ft. Worth, and Royall G. Smith, of Colorado, Tex., for appellant. A. H. Kirby, of Abilene, for appellees.

DUNKLIN, J. M. R. Sanguinett and Carl G. Staats, composing the partnership firm of Sanguinett & Staats, architects, were employed by the Colorado Salt Company, a private corporation, to prepare plans and specifications for certain improvements, including a brick power house, afterwards erected by the corporation, and to superintend the placing of materials in, and to supervise the erection of, those improvements. Having performed those services, and having complied with the statutory requirements for fixing a mechanic's lien upon the property, they instituted this suit against the salt company and the trustees holding the property for the benefit of creditors to recover the balance of the price which the salt company agreed to pay, and also to foreclose a lien on the property therefor. They have prosecuted this appeal from a judgment denying the relief sought, and the success of their appeal hinges upon a decision of the single question whether or not they were entitled to the lien claimed.

Whether a lien is provided for such services by our mechanic's lien statutes seems never to have been decided. In other states, the decisions are in conflict; many holding that mechanic's lien statutes in the usual form do not provide a lien for the services of an architect, and seemingly a greater number holding a contrary view. For a collation of such decisions, see 27 Cyc. 42; Hughes v. Torgerson, 96 Ala. 346, 11 South. 209, 16 L. R. A. 600, and note, 38 Am. St. Rep. 105; Stephens v. Hicks, 156 N. C. 239, 72 S. E. 313, 36 L. R. A. (N. S.) 354, and notes; Stryker v. Cassidy, 76 N. Y. 50, 32 Am. Rep. 262, and notes.

Sayles' Civil Statutes, art. 3294, reads: "Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement or to repair any building or improvement whatever, or furnish any material for the construction or repair of any railroad within this state under or by virtue of a contract with the owner or his agent, trustee, receiver, contractor or contractors, upon complying with the provisions of this chapter shall have a lien on such house, building, fixtures, improvements or railroad, and all its properties, and shall also have a lien on the lot or lots of land necessarily connected therewith, to secure payment for the labor done, lumber, material, machinery or fixtures and tools furnished for construction or repair."

In the case of Stephens v. Hicks, supra, also reported in 156 N. C. 239, 72 S. E. 313, 36 L. R. A. (N. S.) 354, the Supreme Court of North Carolina said: "Whatever may be law as declared in other jurisdictions, this court has thoroughly settled the principle that a mechanic or laborer, within the meaning of our lien laws, is one who performs manual labor; one regularly employed at some hard work; or one who does work that requires little skill as distinguished from an artisan." In that case the court held that an architect was not entitled to a lien for services rendered in furnishing plans and specifications for a building. In the course of that decision and in the authorities referred to above, many decisions are cited to the same effect.

In the case of Hughes v. Torgerson, supra, the Supreme Court of Alabama said: "The plaintiff claims a lien for the amount of the compensation due him for work and labor as an architect in the preparation of drawings, plans, and specifications for the building and in superintending the erection thereof. Are

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

such services by an architect 'work or labor upon * * * a building or improvement on land,' within the meaning of the statute? Code, § 3018. It is plain that a contractor for the construction of the building is within the protection of the statute. If he was also intrusted with the planning of the building, and with the sole supervision of its erection, we think it is equally as plain that his services in these particulars could be regarded as properly a part of his work 'upon the building,' and that compensation therefor might be included in the amount for the security of which he could acquire a lien under the statute. There is nothing in the circumstance that such services were rendered by another person to put them beyond the protection of the statute. * * * An architect who prepares the drawings, plans, and specifications for a building, and superintends the erection thereof, may as truly be said to perform labor thereon as any one who takes part in the work of construction. That he is within the protection of the statute is a proposition well supported by adjudication upon other similar statutes. Phillips, Mechanics' Liens [2d Ed.] § 158."

In the case of Stryker v. Cassidy, supra, the Court of Appeals of New York held that an architect was entitled to a mechanic's lien upon a building for his services in superintending its erection, and in the opinion there rendered the court said: "This case presents the question whether an architect, employed by the owner to superintend the erection or alteration of a house or other building, is entitled under the act (chapter 478 of the Laws of 1862) to a lien upon the premises for the value of his services, on filing the notice provided in the act. The act authorizes a lien to be created in favor of 'any person who shall perform any labor, or furnish any materials, in building, altering, or repairing any house, etc., by virtue of any contract with the owner,' etc. This language is general and comprehensive, and its natural and plain import includes all persons who perform labor, in the construction or reparation of a building, irrespective of the grade of their employment, or the particular kind of service. The architect who superintends the construction of a building performs labor as truly as the carpenter who frames it, or the mason who lays the walls, and labor of a most important character. It is not any the less labor within the general meaning of the word, that it is done by a person who is fitted by special training and skill for its performance. The language quoted makes no distinction between skilled and unskilled labor, or between mere manual labor and the labor of one who supervises, directs, and applies the labor of others. * * * The general principle upon which lien laws proceed is that any person who has contributed by his labor, or by furnishing materials, to a structure erected by an owner upon his premises,

shall have a claim upon the property for his compensation. The dealer who furnishes the paints and oils, the ordinary workman who applies them, or the artist who uses his skill and taste in executing a mural painting, are alike protected by the act. And an architect who makes the plans and supervises the erection of a building is within the words and reason of the law."

The two decisions last noted are supported by a great number of decisions, many of which are noted in the collation of authorities referred to above.

It will be observed that by our statute a lien is provided in favor of "any person or firm * * * who may labor," as well as in favor of the "artisan, laborer, or mechanic * * * who may labor." The language "any person" is the same language used in the New York statute, and the language "any person or firm" is broad enough to include the architects, Sanguinett & Staats, even though it should be held that they would not be included in any of the terms "artisan," "laborer," or "mechanic." The use of the language "any person or firm," in addition to the terms "artisan, laborer and mechanic," is significant, and evidences an intention of the Legislature to provide a lien for any and all persons, not artisans, laborers, or mechanics, who may labor "to erect any house or improvement."

We are further of the opinion that the appellants in preparing the plans and specifications, as well as in superintending the construction of the improvements for the salt company, furnished "labor" "to erect" those improvements, within the meaning of our statute, and that they acquired the lien claimed by them.

The price which the salt company agreed to pay appellants for their services consisted of a commission of 3½ per cent. of $13,000, the cost of the building, and also their railway fare and traveling expenses from Ft. Worth, the place of their residence, to Colorado, Tex., the place where the improvements were erected. Upon the trial it was agreed by the parties that the amount claimed by appellants was the reasonable value of the services rendered and of the railway fare and traveling expenses charged. Appellees insist that at all events there could be no lien for the railway fare and traveling expenses included in the amount sued for. Those items were as much a part of the price agreed to be paid for the services as was the commission named, and appellants' right to a lien therefor is the same as if the salt company had agreed to pay a certain sum of money to cover such items without mentioning them. Hence appellees' contention is overruled.

For the reasons noted, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellants against appellees for $350, the amount shown by agree-

ment of the parties to be the balance due appellants on January 27, 1912, ·the date of trial, together with interest thereon from that date at the rate of 6 per cent. per annum, and for a foreclosure of the lien prayed for in their petition.