### SPANNHAKE v. MOUNTAIN CONST. CO. et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

MECHANICS' LIENS (§ 36*)—RIGHT OF ARCHITECT.

An architect was not entitled to a mechanic's lien for his services in drawing plans and specifications separate from his work of supervision.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 41; Dec. Dig. § 36.*]

Appeal from City Court of New York, Trial Term.

Action by Otto L. Spannhake against the Mounain Construction Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellants.

Mark Goldberg, of New York City (L. B. Boudin, of New York City, of counsel), for respondent.

SEABURY, J. This action is brought to foreclose a mechanic's lien filed by plaintiff for services performed as an architect. The labor which the lien specified that the plaintiff did consisted in "drawing plans and specifications for new apartment houses, measuring and laying out work." The lien claimed $675 to be due the plaintiff; and $580 of this sum the plaintiff claimed to be due for the preparation of the plans and specifications, and $95 for visits which he made to the premises and for supervision which he claims to have exercised.

The learned court below rendered judgment for the plaintiff upon the ground that services rendered in drawing plans and specifications, even though separate and distinct from the work of supervision, were within the contemplation of the mechanic's lien law. This view seems to be contrary to Rinn v. Electric Power Co., 3 App. Div. 305, 38 N. Y. Supp. 345, and Thompson-Starrett Co. v. Brooklyn Heights Railroad Co., 111 App. Div. 358, 98 N. Y. Supp. 128, which seem to us to be controlling upon the question presented. The case of Stryker v. Cassidy, 76 N. Y. 50, 32 Am. Rep. 262, deals with another subject, and is not pertinent to the question presented for decision.

It follows that the judgment should be reduced, by deducting therefrom the sum of $580, and, as reduced, affirmed, with costs to the appellant. All concur.