(158 App. Div. 549.)

## SWASEY v. GRANITE SPRING WATER CO.

(Supreme Court, Appellate Division, Second Department. October 31, 1913.)

1. MECHANICS' LIENS (§ 36*)—NATURE OF SERVICES RENDERED—ARCHITECTS.

An architect cannot have a mechanic's lien for his plans, but may assert such a lien if he superintends the work under his plans.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 41; Dec. Dig. § 36.*]

2. MECHANICS' LIENS (§ 281*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an architect's action to enforce a mechanic's lien, evidence as to the use of his plans and specifications and as to the superintendence of the work *held* insufficient to support a judgment in his favor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572; Dec. Dig. § 281.*]

Appeal from Special Term, Westchester County.

Action by William Albert Swasey against the Granite Spring Water Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

See, also, 141 N. Y. Supp. 1148.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

Walter H. Griffin, of New York City, for appellant.

Lewis Schuldenfrei, of New York City (Emanuel Tepper, of New York City, on the brief), for respondent.

JENKS, P. J. [1] Although an architect cannot have a mechanic's lien for his plans, it seems to be settled in this court that, if he superintend work done under such plans, he may assert such lien. Rinn v. Electric Power Co., 3 App. Div. 305, 38 N. Y. Supp. 345. See, too, Thompson-Starrett Co. v. Brooklyn Heights Realty Co., 111 App. Div. 358, 98 N. Y. Supp. 128. Consequently the plaintiff was bound to establish this relation between plans and specifications and superintendence.

[2] But he testifies:

"There was such a rush for the work that we had to do the work while the plans were being made. In order to start the work immediately, I got up the necessary plans with the engineer. * * * The work went ahead until the full set of plans and specifications were completed."

This testimony is ambiguous upon the proposition that plans and specifications were articulated with the superintendence. On the other hand, the testimony of Mr. Waller, the contractor and engineer:

"Q. Has any work been done on the premises of the defendant subsequent to January 25th, when the plaintiff says he was discharged, in accordance with the plans and specifications? A. We had no plans. We went ahead with the work by duplicating the work that was done. Q. No work was done under the plans and specifications? A. No, sir."

Although this testimony is not entirely clear, yet it casts some doubt, to say the least, upon the contention that the plans and specifications which are a part of the plaintiff's claim were used in the work. There

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is, of course, a distinction between the recovery by enforcement of a lien and by personal judgment for services in the preparation of plans.

Upon this record I think that there should be a new trial granted, costs to abide the final award of costs. I add that in my opinion the present record did not justify an extra allowance to the plaintiff. All concur.