## Albert M. Wolf, Defendant in Error, v. Railway List Company, Plaintiff in Error.

### Gen. No. 22,297.

Assignments for benefit of creditors, § 130*—*who is not laborer or servant entitled to preference.* A civil engineer by profession, who is employed to prepare scientific articles for publication after study and sometimes to inspect the subjects concerning which the articles are written, writes the articles in long hand, reads the proofs after they had been set in type, cuts up the galley sheets and pastes them in a "dummy," is not a laborer or servant within chapter 38a, Hurd's Rev. St. 1915 (J. & A. ¶ 7193 *et seq.*), giving priority to claims of laborers, in case of suspension of business by action of creditors or as the result of a debtor's business being put in the hands of a receiver or trustee.

Error to the Municipal Court of Chicago; the Hon. John J. Sulli- van, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and judgment here. Opinion filed May 1, 1917.

Charles F. McKinley, for plaintiff in error.

Henry M. Hagan, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE McGOORTY delivered the opinion of the court.

In this action a judgment for $224 was recovered by plaintiff for wages due as a laborer. Defendant was the publisher of a periodical known, as "Railway Engineering" and plaintiff was in its employ as associate editor prior to March, 1915, at which time defendant ceased to do business and transferred all of its assets to trustees for the benefit of its creditors.

Plaintiff was a civil engineer by profession, and his duties as associate editor for defendant were to prepare scientific articles for publication after study and sometimes inspection of the subjects concerning which the articles were written. He wrote such articles in long hand, and, after same were set in type, read the proof, cut up the galley sheets and pasted them in the "dummy." Plaintiff further testified that before writing a special article for defendant on track elevation, which is included in the services for which recovery is sought, he examined said track elevation and made certain measurements in relation thereto.

The only question presented for our determination is, was plaintiff entitled to a judgment for wages as a laborer or servant, thereby giving him a preference in the payment of his claim against defendant?

It is defendant's contention that, under the evidence presented, plaintiff was not a laborer or servant within the meaning of chapter 38a, Hurd's Rev. St. 1915 (J. & A. ¶ 7193 et seq.), which, so far as applicable, is as follows:

"That hereafter, when the business of any person, corporation, company or firm shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants which have accrued by reason of their labor or employment shall be considered and treated as preferred claims, and such laborers or employes shall be preferred creditors, and shall

be first paid in full, and if there be not sufficient to pay them in full the same shall be paid from the proceeds of the sale of the property seized."

The Supreme Court in *Heckman v. Tammen,* 184 Ill. 144, said:

"* * * we are disposed to hold that the statute must be confined to these who perform manual services, * * *. *P. & D. R. R. Co. v. Leuffer,* 84 Pa. St. 168; *Stryker v. Cassidy,* 76 N. Y. 50; *Palmer v. Van-Santvoord,* 153 N. Y. 612."

In *Weymouth v. Sanborn,* 43 N. H. 171, the court, in discussing a similar statute, defines a laborer as one who subsists by physical toil, in distinction from one who subsists by professional skill.

We are clearly of the opinion that plaintiff was not a laborer or servant in the sense contemplated by the statute and that the judgment to that extent is erroneous. The judgment of the Municipal Court will be reversed, and judgment entered here for $224, the plaintiff (defendant in error here) to pay the costs here.

*Judgment reversed and judgment here.*