J. Dayle LANCASTER, Appellant,

v.

L. B. McKENZIE et al., Appellees.

No. 5756.

Court of Civil Appeals of Texas.

El Paso.

Dec. 29, 1965.

L. A. Cullison, Fort Stockton, for appellant.

Johnson & Dionne, Fort Stockton, for appellees.

## OPINION

CLAYTON, Justice.

This is essentially an appeal from a judgment of the District Court of Pecos County, Texas awarding appellees an amount under sworn account. Appellant, a medical doctor, had employed appellees to make some floor plans and specifications for a medical office building to be erected for appellant on property owned by him in Fort Stockton, Texas. Certain plans and specifications were made by appellees for appellant; and the building was later constructed by a general contractor named Mills, to whom appellant and his wife had given a written mechanic's and materialman's lien and note, as provided for in Art. 3839, Vernon's Ann. Civ.St. Appellant originally filed suit against appellees to enjoin them from filing a lien against the property. A temporary

restraining order was granted, but it was dissolved after hearing, and appellees thereupon filed a mechanic's and materialman's lien on the property to secure payment of their fee for drawing the plans and specifications, which appellant had not paid. Appellant amended, seeking to recover actual and exemplary damages which appellant claimed he suffered through the wrongful filing by appellees of the lien. Appellant asserted that appellees had no right to participate in the lien given to Mills, that the amount of the fee was excessive, and that the filing of the purported lien was done wrongfully and maliciously. Appellee L. B. McKenzie, as President of appellee Trans-Pecos Builders Supply, Inc., then filed a cross-action against appellant on sworn account asking for judgment against the latter in the amount of $1,000.00 as fees for drawing the plans and specifications, plus attorney's fees, and for foreclosure of the mechanic's and materialman's lien. In a trial before the court without a jury, judgment was rendered against appellant in his suit against appellees, and in favor of appellee Trans-Pecos Builders Supply, Inc. against appellant on the cross-action for $1,000.00 plus attorney's fees. All other relief was denied.

Appellant, in his points of error, complains that the court erred in not giving due consideration to that portion of appellant's pleadings which relate to damages caused the appellant by the wrongful and malicious filing by the appellees of the mechanic's and materialman's lien when they well knew that the property involved was appellant's business homestead and that they were not entitled to such a lien under the constitution and laws of the State of Texas, and that they were not qualified to participate under the lien contract entered into by appellant and his wife with Mills, since there was no connection of the appellees with the contractor and no privity of contract between the parties.

Appellant points out that appellees, in drawing the plans and specifications, were acting as architects without any supervisory

capacity and thus not entitled to file such a lien on the business homestead of appellant.

In 38 Tex.Jur.2d 541, Mechanics' Liens, it is recited that the Texas Constitution (Art. XVI, § 37) gives a lien to artisans, etc., of every class, for the value of their labor upon buildings made by them, and Article 5452, subdivision 1, provides that such lien shall exist in favor of any person or artisan who furnishes labor for such purpose. In 38 Tex.Jur.2d, § 3, p. 542, it is stated: "Architects who prepare plans and specifications for, *and* superintend the placing of materials in, *and* supervise the erection of, improvements are within the meaning and intent of the statute." (Emphasis supplied). The text book cites as authority for its statement the case of Sanguinett & Staats v. Colorado Salt Co., 150 S.W. 490 (Tex.Civ.App., 1912; wr. ref.), which contains the following quotation: " ' * * * An architect who prepares the drawings, plans, and specifications for a building, *and* superintends the erection thereof, may as truly be said to perform labor thereon as any one who takes part in the work of construction.' " (Emphasis supplied). In the case before us, the testimony indicates a lack of any supervisory capacity on the part of appellees in the construction of the building involved or any privity of contract between them and the contractor, Mills, who held the mechanic's and materialman's lien. Appellees were apparently aware that the building was to be the business homestead of appellant, but they secured no contract in writing from appellant and his wife, or otherwise attempted to comply with the provisions of Art. 3839, V.A.C.S., § 3, and Art. 5460 et seq., V.A.C.S.; nor, we believe, were they or any of them entitled to participate under the lien given by appellant and his wife to the contractor. In any event, we feel that the trial court was correct in not awarding exemplary damages to appellant because we are of the opinion that this record does not reflect that the action of appellees in filing the mechanic's and materialman's lien against appellant's prop-

erty was so unlawful, wrongful or malicious as to warrant the awarding of exemplary damages. We cite the 1943 opinion of the Texas Supreme Court in Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022, which contains the following quotation from 25 C.J.S. Damages § 123(5), p. 1144:

" 'The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wanton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful. * * * ' "

See also Ware v. Paxton, 359 S.W.2d 897, 899 (Tex., 1962), and O'Hara v. Ferguson Mack Truck Co., 373 S.W.2d 507 (Tex.Civ. App., 1963; ref., n. r. e.).

Under the record in this case, we do not feel that the amount of $1,000.00 charged by appellee Trans-Pecos Builders Supply, Inc. for drawing the plans and specifications was excessive. One witness, a designer, testified that in his opinion a reasonable charge for these plans and specifications would be between $1,400.00 and perhaps $1,500.00. There are some items of alleged actual damage to appellant resultant from the filing of the lien by appellees, one of which appellant testified was in the neighborhood of $70.00, "right around there, roughly", and another was "about" $280.00, in addition to appellant's loss of time from work. We must assume, in support of the judgment herein, that these items were found against appellant by the trial court as the trier of the facts, and we find no error in this.

Having considered all the points of error urged by appellant in his brief before this court, we have concluded that all must be overruled, and the judgment of the trial court is accordingly in all things affirmed.

Affirmed.