**Michael J. BRANECKY, Appellant,**

v.

**Roger J. SEAMAN, Jr., Appellee.**

**No. 13–84–238–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1984.

Rehearing Denied Jan. 24, 1985.

J. Stephen Weakley, Maebius & Duncan, Inc., San Antonio, for appellant.

Ernest L. Duncan, Jr., Barnhart, Mallia, Cochran & Luther, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal by Michael Branecky, an architect, urging that the trial court erred in granting summary judgment in favor of Roger Seaman, a landowner, that the appellant was not entitled to a statutory or constitutional lien.

The facts, as set out in the summary judgment proof, are as follows: Appellant contends that he entered into a contract with National Motel, Inc., and Sterling Bennett in January 1983 for architectural services to be performed by the appellant with regard to a proposed motel project. Appellant architect alleges that he prepared the plans and specifications for the project. After he completed the plans, he met with appellee and others in Corpus Christi to discuss their approval. Appellant claims that he, Bennett and appellee's son-in-law applied for a building permit that day, using a copy of his plans. Appellant asserts

in his affidavit that appellee was in partnership with Sterling Bennett and others but later backed out of the deal with Bennett. He claims that appellee nevertheless wanted to pursue the plans with appellant.

Later, the appellant was informed that appellee could get the plans prepared elsewhere for less money. He contends that he later learned that his plans had been traced or copied by another party and an engineer's seal was placed on the plans. Appellant believed that the existence of these other plans was notification that Bennett and the others did not intend to honor his contract. So, as a result, he filed an affidavit for mechanic's and materialman's lien against appellee's property. Appellee then filed a petition seeking to remove the lien. Appellant answered, pleading alternative claims for breach of contract and quantum meruit, in addition to his claims for a statutory and constitutional lien. The trial court granted summary judgment, declaring the purported lien filed by appellant to be void. The court further ruled that appellant should take nothing on his counterclaim to establish a constitutional lien. Appellant's counterclaims for breach of contract and quantum meruit were severed.

Appellee's affidavit states that he was not a party to the contract between National Motel, Inc., and appellee. He claims that he was never a partner with National Motel, Inc., or Sterling Bennett. He states that the land upon which appellant filed a lien belonged to him and that it is vacant. Appellee also included, as summary judgment evidence, the affidavit of R.C. Allen. Allen stated that he was familiar with the property which is the subject of the lien and that no improvements have been constructed or commenced on the land at any time during the period of one year prior to the date of the affidavit.

Appellant asserts as his sole point of error that the trial court erred in granting summary judgment against him on his con-

stitutional and statutory lien claims. He argues that an architect who prepares plans and specifications for a building is entitled to a lien on the owner's property even though the project is never constructed. TEX.REV.CIV.STAT.ANN. art. 5452 [1] provided in part:

1. Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or sub-contractor who may labor, specially fabricate material, or furnish labor or material: (a) for the construction or repair of any house, building or improvement whatever; (b) for the construction or repair of levees or embankments to be erected for the reclamation of overflow lands along any river or creek; (c) or for the construction or repair of any railroad: within this state under or by virtue of a contract with the owner, owners, or his or their agent, trustee, receiver, contractor, contractors, or with any subcontractor; upon complying with the provisions of this Chapter shall have a lien on such house, building, fixtures, improvements, land reclaimed from overflow, or railroad and all of its properties, and shall have a lien on the lot or lots of land necessarily connected therewith, or reclaimed thereby, to secure payment: (a) for the labor done or material furnished or both for such construction or repair; (b) for specially fabricated material even though such material has not been delivered or incorporated into such construction or repair, less its fair salvage value.

The use of the language "any person or firm" has been considered evidence of the intention of the legislature to provide a lien for any person who labors to erect a structure or improvements. *Sanguinett & Staats v. Colorado Salt Co.,* 150 S.W. 490 (Tex.Civ.App.—Ft. Worth 1912, writ ref'd). Architects who prepare plans *and* supervise construction of improvements furnish labor within the meaning of the statute and may acquire a statutory lien. *Sanguinett & Staats v. Colorado*

---

1. Repealed by Acts 1983, 68th Leg. p. 3729, ch. 576 § 6, eff. January 1, 1984 and codified as TEX.PROP.CODE ANN. § 53.021 (Vernon 1984).

*Salt Co.*, 150 S.W.2d at 491 (emphasis ours). Performing supervisory functions, in addition to drawing plans and specifications, may be an indispensable condition to an architect establishing a lien. *Lancaster v. McKenzie*, 439 S.W.2d 728 (Tex.Civ.App. —El Paso 1965, no writ).

The statute defines labor as that which is rendered in the direct prosecution of the work. TEX.REV.CIV.STAT.ANN. art. 5452(2)(a).[2] The word "work" as defined is to be construed to mean any construction or repair, or any part thereof, which is performed pursuant to the original contract.

In the case at bar, there is no dispute that the plans and specifications which were drawn by appellant were never utilized in the construction or improvement of any structure on appellee's land. Appellee established, as a matter of law, through his affidavit and the affidavit of R.C. Allen, that the subject land was vacant and that no construction or improvements had commenced, and, therefore, appellant's claim did not come under the lien statute. The affidavits were clear, positive, direct, free from inconsistencies and could have been readily controverted by appellant, but were not. TEX.R.CIV.P. 166–A.

Appellant argues that he was ready to perform his supervisory obligation under the contract, but was unable to through no fault of his own. Regardless of appellant's intention, appellant did not, in fact, superintend construction but merely prepared plans and specifications, and those plans and specifications were never utilized for the construction or repair of any building or structure on appellee's land. We construe the statutory definitions of labor and work to require more than the preparation of preliminary plans and drawings for a project which is never commenced in order to establish a lien. The preparation of plans and specifications is often necessary as a preliminary step in assisting an owner in the decision whether or not to erect a structure or improvement. However, the trial court was correct in granting summary judgment. Until the work of construction or improvement has commenced, there is no "property" upon which the lien can attach.

Appellant also argues under his point of error that he is entitled to the protection of a constitutional lien under TEX.CONST. Art. XVI, § 37. This section states:

> Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

Appellant cites us no case authority in his brief for his contention that he is entitled to a constitutional lien, nor do we find any. He claims only that he was in direct contractual privity with the owner of the realty pursuant to his written contract with National Motel Corp., and Sterling Bennett. We find, at best, the issue of whether appellant was in contractual privity with appellee to be a question of fact. However, we hold that the labor expended by appellant in preparing architectural plans and specifications was not labor expended in making or repairing a building and is not a proper subject for a statutory or constitutional lien.

The judgment of the trial court is AFFIRMED.

---

2. Repealed by Acts 1983, 68th Leg., p. 3729, ch. 576, § 6 eff. January 1, 1984 and codified as TEX.PROP.CODE ANN. § 53.001 (Vernon 1984).