ISAAC AMES & *al. versus* CHRISTOPHER DYER & *al.*

The plan of a house, the model of a ship, or the mould by which a ship's timbers are formed, do not enter into the structure, and cannot be regarded as within the statutes by which liens are given, in certain cases, to the material man and the laborer.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

This was an action of ASSUMPSIT to recover the value of the plaintiffs' labor in making a set of moulds, by which to construct the ship on which the plaintiffs claim a lien, and for materials used in making such moulds. The plea was the general issue, and a brief statement alleging that the claim of the plaintiffs did not constitute a lien claim.

It was admitted that the plaintiffs furnished the lumber to make, and assisted in making, a set of moulds, which were used by the defendants while constructing the ship Oliver Jordan, and that the timber of said ship was shaped by said moulds, which were so used in the yard where the ship was constructed; but they did not enter into the structure of the ship. The defendants contended that the plaintiffs had no lien upon said ship for their demand against defendants. The Court ruled that the plaintiffs had a lien upon the ship for making the moulds, and the materials therefor, and ordered that defendants be defaulted.

If, in the opinion of the Court, the plaintiffs have a lien for their claim, the default is to stand. But if this Court are of opinion that they have no lien, the default is to be taken off, and the allegation of a lien claim is to be struck from the writ by amendment, and judgment rendered against the defendants personally only; or such other disposition of the case is to be made as the Court shall judge proper.

*J. A. Meserve,* for plaintiffs.

The plaintiffs claim a lien under the statute of 1842, c. 125, § 25, which provides a lien for labor performed or materials furnished " for or on account of any vessel building or standing on the stocks," &c.

The moulds were furnished "for and on account of" the vessel, and were indispensable to the building of it.

Judge WARE, Daveis' Reports, p. 207, says, "if *the excess* had been small, and had been furnished under a belief that the whole was wanted, and intended to be used in building the ship, I should think the lien *ought to extend to the whole.*"

The learned Judge would include an "*excess,*" that did not actually go *into the structure* of the vessel. If an excess of timber, not used at all in the ship, may be covered by the lien, how can *moulds,* actually used and furnished for the ship, be excluded ?

*A. P. Gould,* for defendants.

The statute gives a lien to those "who shall perform labor or furnish materials for or on account of any ship." The plaintiffs' labor and materials were not "for or on account of the *ship,*" but were for the *moulds* by which the ship was fashioned.

It has been held in the Admiralty Courts, that under the lien statute there is no lien, except for materials which enter into the *structure* of the ship, or for labor in building the ship itself.

In the case of *Lambard* v. *Pike,* 33 Maine, 141, 144, SHEPLEY, C. J., says, "To create a lien, the materials must be used for erecting, altering or repairing the building. *They must be so applied as to constitute a part of the building.*"

Judge WARE, in the case of *The Hull of a New Ship,* Daveis, 199, on p. 208, says, "The statute privilege extends only to materials which are furnished for the vessel, *and actually used in building it.*"

It has also been held in admiralty, that the statute gives no lien for *tools* purchased to be used in constructing the ship.

For some discussion of lien, see *Swett & al.* 'v. *James,* 2 R. I., 270, 288, and *Phillips* v. *Wright,* 5 Sandf. 342, where it is held that plaintiff has no lien, unless he show the materials went into the structure.

Ames *v.* Dyer.

APPLETON, J.—"A lien," says SHAW, C. J., in *Sumner* v. *Hamlet,* 12 Pick. 76, "is the right to the custody of the property of another, with a right to hold and retain the same against the general owner as indemnity or for security for some debt or obligation." By the civil law a lien, *jus retentionis,* is defined to be "a right to detain a thing until a demand is satisfied." Lindley, Thebaut, § 232. It may result from the rules of the common law; it may arise from the contract of parties; or it may be created by statute. But whatever its origin, it rests upon the idea that the party having it has the right to retain the thing itself, whatever it may be, as by keeping or carriage, till the services in relation thereto, by work and labor, or by materials furnished, shall have been paid and satisfied by the general owner of the property upon which the lien exists.

By R. S., c. 125, § 35, it is enacted, that "any ship carpenter, caulker, blacksmith, joiner, or other person, who shall perform labor or furnish materials for or on account of any vessel building or standing on the stocks, or under repair after having been launched, shall have a lien for his wages or materials," &c.

The plaintiffs claim to recover the value of their labor in making a set of moulds by which the ship Oliver Jordan, upon which the lien is claimed, was constructed, and for materials used in making the same. The question presented for determination is whether, by the statute, they have such lien.

The moulds for a vessel cannot be regarded as a part of the materials with which it is constructed. They are used in its building as patterns in a foundry, or the last for a shoe. They may be indispensable for the construction of a vessel, as are the tools of the carpenter or joiner, or the ground upon which the keel is laid, and the ship finished, but they do not enter into its structure. The materials of which the moulds are made do not belong to the vessel, nor does the title to them pass to its purchaser. They may be again used, if another vessel of the same tonnage and form is to be built;

or they may be modified for another of different size and dimensions. "The whole theory of a lien for labor and materials," says SANDFORD, J., in *Phillips* v. *Wright*, 5 Sandf. 342, "rests upon the basis, that such labor and materials have entered into and contributed to the production or equipment of the thing upon which the lien is impressed." Subsequently he adds, "can it be said that materials are furnished for and towards building a ship, when no part of them enters into or becomes a part of the ship?"

In *Swett & al.* v. *James*, 2 R. I., 270, it was regarded as necessary to create a lien, that the materials furnished should be incorporated in and become a part of the building upon which it was claimed to exist.

The plan of a house, the model of a ship, the moulds by which its timbers are to be hewed, may be necessary and even indispensable, but they do not enter into any structure so as to be a part of its·materials, and cannot be regarded as within the provision of the statute by which a lien is given in certain cases to the laborer and the material man.

The writ is to be amended by striking out the claim for a lien, and the defendant to be defaulted.

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.