HATCH, J.
The facts upon which this appeal is to'be determined are practically without dispute. .The action is to foreclose a mechanic’s lien. Plaintiff is an architect, a.nd was employed by the defendant company, in 1892, to prepare plans for and superintend the construction of a power house at Hew Brighton, Staten Island. His compensation, provided by agreement, was five per cent, on the cost of the structure, and expenses- After the preparation of the plans the company requested him to modify them " by limiting the construction to one-half of the building. This plaintiff complied with by providing an 18-inch wall, running through the center of the proposed structure. The construction of this building was then entered upon, and when about one-half completed the company became insolvent, and was placed in the hands of the receiver. When the work was abandoned $115,000 had been expended thereon, and to complete the same would have required about $50,000. The estimated cost of the whole building, when planned, was $330,000. Plaintiff’s compensation, as agreed upon, was five per cent, of the cost of the structure; but, by custom, among architects, established upon the trial, when the building is not erected, or if the erection is begun and not completed, . the compensation is reduced by 1£ per cent, of the cost of the part 1 not erected,—the compensation of five per cent, being made up ¡by a charge of 3-|- per cent, for preparing plans and l-} per cent, for supervision. His expenses were $440.80. Plaintiff’s present claim is that he was entitled to a lien of $10,288.35, and, if not entitled to the whole sum, for more than the court has allowed. His claim is made up by charging five per cent, on the amount expended, three and one-half per cent, on $216,000, the estimated cost of completion, and expenses. The admitted payment is $3,427.45.
The court below found and stated plaintiff’s account as follows:
For preparing plans for whole structure............ $11,550 00
Expenses...................................... 440 00
$11,990 00
Payments.................................... 3,427 45
$8,562 55
One-half...................................... $4,281 22
One and a half per cent, for snpervising $115,000 expended.................................. 1,725 00
' $6,006 22
—Which sum he determined was a lien, and directed a personal judgment for the remainder of the claim.
*804 The only substantial point in controversy relates to the extent! of the lien. There is no decision in this state, that we are able to-find, where it has been held that an architect who simply prepares plans and specifications is embraced within the lien law of the' state. Wherever the question has arisen, the preparation of plans-' has been accompanied by superintendence of the construction. In Stryker v. Cassidy, 76 N. Y. 50, the court of appeals held, reversing the general term, which denied the existence of the lien, that! an architect was entitled to it. But in that case there was pres-' ent the. element of actual supervision. In disposing of this ques-1 ion the court said:
“The architect -who superintends the construction of a building performs labor as truly -as the carpenter who frames it, or the mason who lays the walls, and labor of a most important character.”
The stress of the whole opinion is laid upon the fact that there is active participation in the manual function of construction, rather than in the preparation of the plans for the edifice.
In Bank v. Gries, 35 Pa. St. 423, this distinction was recognized, and it was there held that an architect, who only furnishes plans, and performs no -w-ork upon the building, is not entitled to a lien. In Ames v. Dyer, 41 Me. 397, it was. held that a mold from which a ship’s timbera are formed does not enter into the structure, and -is, therefore, not embraced as material- for construe-! tion. In Central Trust Co. v. Richmond, N. I. & B. R. Co., 54 Fed. 723, it was intimated that a consulting engineer, whose worki was only advisory, would have no lien, but one who actually sup-| erintended would. In Phœnix Furniture Co. v. Put-in-Bay Hotel Co., 66 Fed. 683, it was doubted if a lien could be maintained by! an architect who only furnished plans and specifications. In all! the cases which have fallen under our observation, the lien was' denied, or there was concurrence of plans and superintendence. Gardner v. Leck, 52 Minn. 522; Knight v. Norris, 13 Minn. 473 (Gil. 438); Von Dorn v. Mengedoht, 41 Neb. 525.
We think the court below was right in holding that it is the part the architect takes during the construction that draws his ser-j vices within the lien law. This rule, as applied here, limited the lien to the actual superintendence of the part constructed. Before the construction was entered upon, plaintiff was informed of the modification proposed, and changed his plans accordingly. When the construction was begun, he then knew, and assented thereto, that the building, which was to be erected, was only one-half of the one originally proposed; that the other half’ might or might! not be erected, ás contingences dictated. And when the work; was begun, as well as when work stopped, it was the common un- \ derstanding that only the half would then be erected It cannot,! therefore, be said that more than this part, was erected, within the! contemplation of the parties, even though, as part thereof, the found dation for another chimney, which might be used in the other half,: was laid. In fact, its construction was never entered upon. The! argument of plaintiff that his plans may be used eventually in the! construction of the other part does, not aid him. He never bad a, lien for his plans. If nothing had ■ been erected, he would have *805 •had his damages,—no more. He has his judgment for damages now, and the court can no further aid him.
It is quite apparent, however, that plaintiff is entitled to a modification of his judgment. The court below only allowed him a lien for one-half of his expenses. He was entitled to the whole sum. This item was all incurred in and about the construction of the building, and consequently was subject to no deduction. This sum amounts’ to $220.80, which should be added to the amount allowed as a lien, and deducted from the general judgment ordered. Plaintiff is also entitled to interest upon the respective amounts allowed. In all other respects we think the conclusion was right.
The judgment will be modified in accordance with this opinion, and, as modified, affirmed without costs.
All concur.