## George C. Nimmons, Appellee, v. Lyon & Healy, Appellant.

### Gen. No. 21,387.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE
A. BALDWIN, Judge, presiding. Heard in this court at the March
term, 1915. Affirmed. Opinion filed January 3, 1916. *Certiorari*
denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by George C. Nimmons, complainant, against
Lyon & Healy, a corporation, defendant, to enforce a
mechanic's lien for architect's fees claimed to be due
from defendant for preparing, making and drawing
certain plans or preliminary sketches for a factory
building. From a judgment of the chancellor confirm-
ing the report of the master, to whom the cause had
been referred, and granting a lien to complainant for
the amount recommended by the master, defendant ap-
peals.

WILLIAM B. JARVIS, for appellant.

G. FRED RUSH and WALTER S. HOLDEN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1416*—*when master's finding entitled to
same weight as that of jury.* The findings of fact by a master in
chancery must be given the same weight by the Appellate Court
as would the verdict of a jury in a suit at law.

2. MECHANICS' LIENS, § 21*—*when architect entitled to mechan-
ic's lien.* An architect who draws plans and specifications for a
building to be erected upon a designated spot performs services
for the purpose of building it so as to be entitled to a mechanic's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

lien, even though he does not superintend the construction of the building, and even though a building of the same identical character is not erected.

3. ESTOPPEL, § 63*—*when presentation of bill for amount less than contract price not estoppel to recover contract price.* An architect who agrees to draw plans and specifications for a building for a certain price may not be denied a lien for the contract price, upon performance of the contract, because he presented a bill for a lesser amount, where such bill was intended as a compromise and was not accepted.