[Civ. No. 2403. First Appellate District.—June 25, 1918.]

BELLE E. HORNLEIN, as Executrix, etc., Respondent, v. J. H. BOHLIG et al., Copartners, etc., Appellants.

MECHANICS' LIENS—ENGINEERING EXPERT—RIGHT TO LIEN.—An engineering expert employed for a single and specified purpose in the construction of a building, even though he may not be classed as an architect, comes within the provisions of section 1183 of the Code of Civil Procedure, as one bestowing skill to be used in the construction of the building, and is entitled to a lien for the furnishing of engineering designs to the architects.

ID.—NOTICE TO WITHHOLD—EFFECT OF CODE AMENDMENT.—Section 1184 of the Code of Civil Procedure, as amended in 1911, does not, save at the option of the owner, secure unto persons giving the requisite notice an equitable garnishment upon the moneys due or to become due to the contractor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

W. T. Kearney, for Appellants.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of plaintiff against the defendants for the foreclosure

of a mechanic's lien filed by plaintiff upon the property of defendants J. H. Bohlig and Lotta Bohlig.

Bohlig, the sole owner of a portion of the real property subjected to the lien, entered into a contract with Hladik & Thayer, architects, whereby said architects agreed to furnish all plans, specifications, architectural work, and superintendence employed in the construction of a building to be erected, and which was erected, upon Bohlig's land and partly upon land owned by Bohlig and his wife, Lotta Bohlig. Thereafter plaintiff entered into a contract with Hladik & Thayer, whereby plaintiff agreed to furnish the engineering designs of the building for which he was to receive $620. The court found that plaintiff duly performed his part of the contract; that the engineering designs so furnished by plaintiff were actually used in the construction of the building; that defendants Hladik & Thayer paid on account the sum of $270, and that $350 remained unpaid. From these findings the court deduced the conclusion of law that plaintiff was entitled to judgment against defendants for the sum of $350, and that said sum constituted a lien upon the real property.

Appellants contend that the furnishing of engineering designs was not a service of the character contemplated by section 1183 of the Code of Civil Procedure. That section provides *inter alia* that architects and all persons of every class bestowing skill or other necessary services to be used in the construction of a building are entitled to a lien whether at the instance of the owner or of any other person acting by his authority or under him as contractor, and further that every architect having charge of the construction, either in whole or in part, of any building shall be held to be the agent of the owner for the purposes of the lien law. It follows that the employment of plaintiff by the architects is equivalent to his employment by the owner. An engineering expert employed for a single and specified purpose in the construction of a building, even though he may not be classed as an architect, comes, we think, within the provisions of section 1183 of the Code of Civil Procedure, as one bestowing skill to be used in the construction of the building. In view of the finding of the trial court that the services of the plaintiff were actually used in the construction of the building and the plain language of the code, it seems clear to us that plaintiff was entitled to a lien.

The judgment, in so far as it orders that a writ of execution issue against the owner, Bohlig, as to any moneys in his possession payable to Hladik & Thayer, must be modified. Evidently that phase of the judgment is based upon the finding that plaintiff served upon Bohlig a notice to withhold moneys in his hands payable to Hladik & Thayer at a time when Bohlig had in his hands more than four hundred dollars payable to them. Section 1184 of the Code of Civil Procedure, as amended in 1911, does not, save at the option of the owner, secure unto persons giving the requisite notice an equitable garnishment upon the moneys due or to become due to the contractor (*Hubbard* v. *Jurian,* 35 Cal. App. 757, [170 Pac. 1093]), and therefore plaintiff is not entitled to a personal judgment against the owner, but must rely upon his lien.

Lotta Bohlig was sued and made a party defendant in the action under a fictitious name, and it is conceded that she was never served with summons and that she in no wise appeared or participated in the defense of the action. This being so, the trial court was without jurisdiction to render judgment foreclosing the lien against that portion of the property in which she had an interest. (*Gray* v. *Hawes,* 8 Cal. 562; *Ford* v. *Doyle,* 37 Cal. 346; *People* v. *Harrison,* 107 Cal. 541, [40 Pac. 956].)

Modified in accordance with these views, the judgment stands affirmed.