Marchetti *v.* Sleeper.

---

JOSEPH E. MARCHETTI ET AL. *vs.* GEORGE E. SLEEPER ET ALS.

First Judicial District, Hartford, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, JS.

Under General Statutes, § 5217, providing that any person who has a claim for more than $10 for materials furnished or services rendered "in the construction of any building," shall have a lien thereon, an architect is entitled to file a lien for his services in the preparation of plans and specifications, if they are afterward used in the construction of the building.

In the present case work upon the building was stopped, owing to the defendants' financial condition, when but one third of it had been completed, whereupon the plaintiffs, the architects, filed a certificate of lien for $5,550, the full amount of their agreed commission of three per cent upon $185,000, the estimated cost of the building, and the further performance of their contract in the way of supervision was terminated by mutual consent. The trial court found that when the certificate was filed the plaintiffs were entitled to $3,700 under their contract, and rendered judgment for that amount with interest from which the defendants appealed. *Held:—*

1. That the conclusion and judgment of the trial court necessarily imported that the overstatement of the amount of the claim in the certificate was not intentionally false or fraudulent; and that such conclusion found a sufficient basis in the fact that the claim for

supervising services in the construction of the building was un-
liquidated in amount, and in a permissible view of the law that
the whole compensation contracted for was due.

2. That the exceptions to the finding, so far as pursued in this court,
were without merit.

Argued January 3d—decided March 1st, 1924.

ACTION upon a bond given in substitution of a mechanic's lien, brought to and tried by the Superior Court in Hartford County, *Haines, J.;* facts found and judgment rendered for the plaintiffs for $4,156, and appeal by the defendants. *No error.*

The complaint is in the form usual in suits on bonds substituted for mechanic's liens, and avers, in general terms, that the plaintiffs rendered services and furnished materials in the construction of a building belonging to the defendants. After the answer and reply were filed, it appeared for the first time that the plaintiffs' lien was admittedly based solely on services rendered by the plaintiffs as architects in the preparation of plans and specifications and in supervising the construction of the building.

When the cause came on for trial on the merits, the parties, at the suggestion of the trial court, agreed that the question whether the plaintiffs were entitled to claim a mechanic's lien for services of that character should first be raised and disposed of as an issue of law, before the trial on the merits, and it was so raised and disposed of by a demurrer to the complaint, which was overruled. The trial then proceeded before the same judge and resulted in a judgment for the plaintiffs for an amount substantially less than that named in the certificate of lien. Defendants appeal on the ground that the court erred in overruling the demurrer, and that the lien, if any, was invalid either because the certificate did not correctly state the amount due, or because it included a claim for breach of contract.

Marchetti *v.* Sleeper.

*Francis W. Cole* and *Reuben Taylor*, for the appellants (defendants).

*John J. McKone,* for the appellees (plaintiffs).

BEACH, J.   The demurrer might better have been addressed to the special defense raised by the answer, than to the complaint, for the complaint contains no averment as to character of the plaintiffs' services, and the defense that an architect's services are not lienable, could not properly be raised in that way.   But since that issue of law is necessarily determined by the judgment, and nobody makes any objection to the form in which it is presented by the appeal, we will decide the point.

Whether an architect's claim for services rendered in the preparation of plans and specifications and in supervising construction, subjects land and building to lien, depends wholly on the construction of our statute, § 5217, the relevant words of which are: "If any person shall have a claim . . . for materials furnished or services rendered in the construction, raising, removal or repairs of any building, . . . such claim shall be a lien on such land, building and appurtenances."   The question is a new one in this court, though it was referred to and left undecided in *Weinstein* v. *Montowese Brick Co.,* 91 Conn. 165, 169, 99 Atl. 488; and we are not advised that it has ever been adjudged in the Superior Court.

Turning first to the history of our statute, it appears that in this State mechanic's liens have never been limited to persons performing manual labor on the building.

The original Act of 1836 gave a lien for sums in excess of $200 due to "the contractor or contractors for such building or repairs."   In 1849 the lien was ex-

tended in favor of "any person" having "a claim for
materials furnished or services rendered," exceeding the
sum of $25. In 1895 the limit was reduced to $10, and
the statute has since remained substantially unchanged
in any respect material to the point in question.

Literally the plaintiffs' claim is lienable under the
statute. They are persons having a claim for services
rendered in the construction or raising of the building.

The plans and specifications practically construct
the building up to the point where it can be appre-
hended by others. Without them or their equivalent
the building could not be constructed at all: the con-
tractor would have no basis for his bid, the material-
men would not know what materials to furnish, and
the workmen would not know what manual labor to
perform.

Now, if the work were started without any plans and
specifications, and some one were hired to furnish all
necessary information and directions as the work pro-
gressed, it could not reasonably be denied that his
services were rendered "in the construction" of the
building. And unless those words confine the lien to
materials delivered and services rendered after the
construction has been commenced, it can make no
difference that the information necessary to the con-
struction of the building has been embodied in plans
and specifications prepared before such commencement.
Of course there can be no lien until some actual or
theoretical increment of value has attached itself to
the land by the commencement of the building; but if
materials delivered before that time are thereafter in-
corporated in the building, or if services rendered be-
fore that time in the preparation of plans and specifica-
tions are thereafter utilized in its construction, the
same logical and equitable basis for the lien exists as
if the materials had not been furnished, or the services

had not been rendered, until after the commencement of the building. It seems clear, therefore, that the words "in the construction of the building" relate to the fact of actual use in construction of the building, irrespective of the time when the materials are furnished or the services performed; and that being so, it must follow that the services of an architect in the preparation of plans and specifications, when they are afterward used in the construction of the building, are services rendered in its construction, for which the architect is entitled to a lien under our statute. Our conclusion appears to be in accord with the current of decision, although the question is in each State one of interpretation of the local statute. 5 Corpus Juris, 265; 16 L. R. A. 600; 36 L. R. A. (N. S.) 354; 9 Ann. Cas. 97; 26 Ann. Cas. 275.

The plaintiffs' claim for services is based on an agreement for a three per cent commission on $185,000, being the estimated cost of the building. It is found that one half of such compensation was for plans and specifications, and one half for services to be rendered in supervising construction. When the building was one third completed, work was stopped, because of defendants' financial condition. Plaintiffs thereupon filed a certificate of lien for $5,550, being the whole amount of their agreed commission. Because of the filing of the lien and the plaintiffs' refusal to release it until a bond was substituted, the plaintiffs were not called upon to continue to supervise the construction when work was resumed. They made no offer to do so, and in so far as the contract was not performed it was terminated by mutual consent.

The court has found that when the certificate was filed, the plaintiffs were entitled to $3,700 under their contract, for which amount, with interest, judgment was rendered.

Defendants claim that the lien is invalid (1) because for an amount substantially in excess of that due; (2) because it included a sum claimed as damages for breach of contract.

It is true that the services for the rendering of which a lien is sought must have been rendered before the certificate is filed. *Booth* v. *VonBeren,* 82 Conn. 298, 304, 73 Atl. 775. It is also true that an innocent overstatement of the amount of the claim will not invalidate the certificate. *Tramonte* v. *Wilens,* 89 Conn. 520, 524, 94 Atl. 978, and cases cited.

There is no finding that the statement of the amount due was intentionally false or fraudulent, and the conclusion and judgment of the court necessarily imports that it was not. The defendants' exceptions to the finding, so far as pursued in this court, are limited to the claim that the court should have found that the amount claimed included either a claim for breach of contract, or else a claim for work done in connection with another building. On the former point it is enough to say that there had been no breach of the contract when the certificate was filed, and on the latter point the evidence is conflicting. It appears from the memorandum of decision, which is made part of the finding, that the plaintiffs based a claim that the whole compensation contracted for was due, upon their construction of *Healy* v. *Fallon,* 69 Conn. 228, 234, 37 Atl. 495; and this, together with the fact that the claim for services in supervising the construction was unliquidated in amount, furnishes a sufficient basis for the conclusion of the trial court that the overstatement of the amount due was not intentionally false or fraudulent.

There is no error.

In this opinion the other judges concurred.