## John Mallinger, Appellee, v. Anna R. Shapiro, Appellant.

### Gen. No. 31,572.

1. REFERENCE—*weight to be given to report of master in chancery.* The report of a master in chancery, while prima facie correct, is only advisory, and does not have the same weight as a jury verdict.

2. BUILDING AND CONSTRUCTION CONTRACTS—*insufficiency of evidence to support decree for architect in suit upon oral contract to draw building plans.* Evidence showing that premises were so incumbered that it would be useless to have plans drawn for a building thereon until the owner could be sure of having money therefor held to sustain the owner's theory that she was not to pay for an architect's services unless he helped her to procure a building loan, especially as her claim was sustained by three witnesses as against his sole testimony that he was to be paid for drawing the plans without other consideration, and a decree for him must be reversed as against the preponderance of the evidence.

3. MECHANICS' LIENS—*right of architect to lien for services in drawing plans of building never constructed.* Under Cahill's St. ch. 82, ¶ 1, an architect cannot have a mechanic's lien under an oral contract for services in drawing the plans of a building never constructed.

Appeal by defendant from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed with directions. Opinion filed May 2, 1927.

PERLMAN, GOODMAN & SCOLNIK, for appellant; AVERN B. SCOLNIK, of counsel.

J. H. PERKINSON, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the cross-defendant from a decree which overruled her objections to a master's report; found that the premises described in the cross-bill were subject to a mechanic's lien for the amount of $5,075

and in default of payment directed that the premises should be sold.

The decree finds that the cross-complainant Mallinger, in the year 1923, was a duly licensed architect; that on the 1st day of September, 1923, defendant, Anna R. Shapiro, was the owner by contract of purchase, made on August 15, A. D. 1923, of the premises described in the cross-bill; that on that date she entered into a verbal contract with Mallinger to prepare plans and specifications and take bids for a thirty-six apartment building with a janitor's apartment and two stores, to be erected on a part of the premises at the agreed price of five per cent of the cost of the building to be so erected; that Mallinger completed the plans and specifications on October 4, 1923, and on that date delivered the same to Anna R. Shapiro; that he proceeded to take estimates on the costs of labor and materials for the erection and completion of the building; that the cost of the same was $148,960; that afterwards Mallinger and Anna R. Shapiro went over the estimates and agreed on some changes that would make the cost of the building $145,000; that Mallinger is entitled to seven-tenths of five per cent of the cost of the building as the usual, customary and reasonable charge for his services and as agreed by his contract, which would amount to the sum of $5,075.

The decree also finds as follows:

"That the defendant, Anna R. Shapiro, did not construct a building on said premises for which said plans and specifications were made and no building or structure of any kind was or has been constructed on said premises, though said Mallinger stood ready and willing to perform his part of the contract and was prevented from doing so by the action of Anna R. Shapiro."

The cross-defendant contends in the first place that the decree entered is clearly and manifestly against the weight of the evidence. Upon this point, cases are

cited by the parties tending to sustain their respective contentions as to the weight which should be given to the report of the master.

Whatever the rule hitherto may have been, the law would seem to be settled by the recent case of *Chechik v. Koletsky,* 311 Ill. 433, which holds that the report of the master is not to be given the same effect as the verdict of the jury in a case where the parties would have the right to have the issues of fact determined by a jury. In a chancery case the facts are found by the court, and the master's report, while prima facie correct, is of an advisory nature only.

There was a sharp conflict in the evidence upon the issues of fact as to what was the actual contract between the parties, the defendant contending that the contract of complainant was not alone to furnish plans and specifications and superintend the construction of the proposed building, but that he also agreed and promised to obtain a loan for her upon the property, which was necessary in order that she might be able to construct the building. The contract between the parties was oral and the cross-complainant's case in this respect rests entirely on his uncorroborated testimony which is denied by the cross-defendant, who is corroborated by three witnesses who testified to oral admissions and facts inconsistent with the testimony of the cross-complainant.

The master states as reasons for accepting the testimony of the cross-complainant the circumstances that when the plans and specifications were completed the same were turned over to the cross-defendant upon her receipt and the cross-defendant's own testimony that she took these plans and specifications to different people seeking to obtain a loan. The master also points out that the defendant was not inexperienced in the matter of making building loans and says that, while he is satisfied that cross-complainant did (after the defendant had made several applications for a loan)

endeavor to assist her in obtaining the same, this was not a part of his original agreement.

There was, however, other undisputed facts in evidence which do not appear to have been given due weight. Some of these are that the uncontradicted evidence shows that the premises, upon which it was proposed to construct the building, were already incumbered, and that it appears there would be no use for plans and specifications unless defendant had assurance that the money necessary to construct the building could be obtained. The story of defendant seems at least just as probable as that of complainant and the number of witnesses is three to one in her favor. The decree seems to be against the clear preponderance of the evidence.

The defendant, however, further contends that, as it appears from the undisputed evidence and the decree finds that no building was in fact constructed on the premises, and that the plans and specifications were not used in connection with the building of any structure of any kind upon the premises, the cross-complainant is not entitled to a lien for any amount that might be due him for making such plans and specifications, under the provisions of the Mechanic's Lien Act.

This question, it is apparent, involves a construction of the Act of May 18, 1913, as amended and approved June 28, 1919, with reference to mechanics' liens. Smith-Hurd's Ill. Rev. St., p. 1628, ch. 82, sec. 1, Cahill's St. ch. 82, ¶ 1.

Section 1 of that Act provides:

"That any person who shall, by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same, furnish material, fixtures, apparatus or machinery, forms or form work used in the process of construction where cement, concrete or like

material is used *for the purpose of* or in the building, altering, repairing or ornamenting any house or other building, * * * or raise or lower any house thereon or remove any house thereto; or perform services as an architect or as a structural engineer for any such purpose; * * * or furnish material, * * * on the order of his agent, architect, structural engineer or superintendent having charge of the improvements, * * * shall be known under this Act as a contractor, and shall have a lien * * *."

Prior to the Act of 1895, which revised the law of Illinois on this subject, it was settled that a lien could be obtained under the statute only to the extent that work was done upon or materials actually used in a construction. (*Compound Lumber Co. v. Murphy*, 169 Ill. 343.) In *Freeman v. Rinaker*, 185 Ill. 172, the Supreme Court, construing section 1 of the Mechanics' Liens Law of 1895, held that the words in section 1 "perform services as an architect *for any such purpose*" referred back to the previous words "*for the purpose of*, or in the building * * * any house," and the court in substance said that this statute gave a lien for the services of an architect, not only in building a house, but for the purpose of building a house, and that when an architect drew plans and specifications for a building even though he did not superintend its construction, he performed services for the purpose of building it.

However, the right of the petitioner in that case to a lien was denied because of the provisions in another section of the act, and the construction by the court of the language in section 1 was not necessary to a decision of the case and therefore dictum.

The complainant also cites and relies upon *Nimmons v. Lyon & Healy*, 197 Ill. App. 376. That decision was handed down by this court in January, 1916, and purports to follow the case of *Freeman v. Rinaker, supra.*

That decision was also made under the Act of 1895, and, while, an examination of the opinion discloses language which would sustain the right of an architect to a lien where the improvement was not made, a more careful consideration discloses that upon the facts that case was not at all similar to this, the opinion stating, "that a building in fact was afterwards erected thereon of the same general character as the one contemplated by the plans prepared by the complainant."

The defendant has cited many cases from other jurisdictions construing mechanics' liens statutes of other states, and these cases tend to support her construction of this act.  Our own Supreme Court has, however, pointed out that, because of the divergent provisions in the statutes of the different states, decisions from other jurisdictions give little assistance. *Price v. Kirk,* 90 Pa. 47; *Foster v. Tierney,* 91 Iowa 253; *Buckingham v. Flummerfelt,* 15 N. D. 112; *Mitchell v. Packard,* 168 Mass. 467, are a few of many cases from other states tending to sustain defendant's contention.

The phraseology of the first section of the Act of 1895 (see Session Laws of 1895, page 226) differs much that of the act as amended in 1919.  In the latter act, the phrase "for the purpose of or" seems to be limited in its meaning to a modification of the particular clause in regard to "forms or form work" in which it is placed.

The phrase "for any such purpose" seems to refer to the contract to improve or for the improvement of the premises.

We are constrained to so hold in view of the rule requiring a strict construction of the statute and the improbability that the legislature could have intended to subject titles to real estate to incumbrance as a result of oral contracts where no improvements are made.

The decree is reversed with directions to dismiss the cross-bill.

*Reversed with directions.*

McSURELY, P. J., and JOHNSTON, J., concur.