[L. A. No. 11275. In Bank.—August 14, 1931.]

W. F. THOMPSON, Respondent, v. EMIL PRICE et al., Appellants.

Frank M. Smith for Appellants.

George B. Ross for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action to foreclose a mechanic's lien for architectural services rendered by the plaintiff in the matter of the construction of a residence pursuant to a con-

tract between the defendant Emil Price, as owner, and one Harry E. Jones, as contractor.

The controversy centers about the question whether the plaintiff was regularly in the employ of the contractor, Harry E. Jones, as draftsman or otherwise, or was an independent contractor and one of the persons described by section 1183 of the Code of Civil Procedure as entitled to file a mechanic's lien.

The defendants base their appeal upon the contention that the evidence bears only the construction that the owner was not informed that the contractor intended to or did contract for the architectural services on said building; also that the plaintiff was not an independent contractor, but was a draftsman regularly in the employ of the contractor Jones and was not a contractor or architect within the meaning of section 1183 of the Code of Civil Procedure, which "provides *inter alia* that architects and all persons of every class bestowing skill or other necessary services to be used in the construction of a building, are entitled to a lien whether at the instance of the owner or of any other person acting by his authority or under him as a contractor; and further that every architect having charge of the construction, either in whole or in part, of any building shall be held to be the agent of the owner for the purposes of the lien law. It follows that the employment of plaintiff [who furnished the engineering designs for the building] by the architects is equivalent to his employment by the owner". (*Hornlein* v. *Bohlig,* 37 Cal. App. 646, 647 [174 Pac. 697, 698].)

The defendants in support of their contention quote portions of the testimony and point to inferences which, if drawn by the trial court and believed, would seem to uphold the position taken by them. But they do not quote all of the testimony bearing upon the point in controversy, nor have they apparently considered conflicting inferences which may reasonably be drawn from the evidence quoted by them and appearing in the record. On the other hand, the record contains evidence which sufficiently supports a conclusion that the defendant Emil Price knew that the contractor intended to and did let the contract for architectural services to the plaintiff for a consideration of three per cent of the contract price; that the plaintiff contracted to perform such services as an independent contractor and was not an em-

ployee or draftsman or otherwise regularly in the employ of the contractor Jones.

The findings are supported by sufficient evidence.

The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.