**RIVERS v. PASTRO et al.**

Civ. No. A–4592.

District Court of Alaska. Third Division. Anchorage.

Feb. 17, 1948.

492

S. J. McCutcheon and Buell A. Nesbett, both of Anchorage, for plaintiff.

W. N. Cuddy and Wendell P. Kay, both of Anchorage, for defendants.

KEHOE, District Judge.

This is a suit upon a lien filed by the plaintiff under Section 1982, C.L.A.1933. Plaintiff is a civil engineer and architect. The lien filed and relied upon is as follows:

"Notice is hereby given that Victor C. Rivers, a duly licensed registered civil engineer, residing and practicing in the City of Anchorage, Territory of Alaska, claims a lien

upon the certain property situate in Anchorage, Territory of Alaska, and more particularly described as follows:

" 'The Aleutian Athletic Club building and all appurtenances thereunto belonging, including fixtures; all of Lot Nine (9) of Block Twenty-two (22) of the original townsite of Anchorage, Alaska; the East fifteen feet (15') of Lot Eight (8) of Block Twenty-two (22) of the original townsite of Anchorage, Alaska; the said Aleutian Athletic Club being located on the above described real property; and

" 'The Lido Garden Annex and all appurtenances thereunto belonging, including fixtures; all portions of Lots (Seven) (7) and Eight (8) of Block Twenty-two (22) of the original townsite of Anchorage, Alaska, occupied by the said Lido Garden Annex structure;'

for, and on account of labor and skill expended upon the above described property;

"That the names of the owners, or reputed owners, of the above described property are Tony Pastro and Mary Pastro: that the Aleutian Athletic Club Incorporated and Aleutian Gardens and Keith Capper are likewise reputed to own some interest in the said property;

"That the said labor and skill were expended by the said Victor C. Rivers upon the said property between the 1st day of June, 1945, and the 31st day of October, 1946, and the rendition of the labor and skill so expended by the claimant above named was closed on the 31st day of October, 1946;

"That the amount claimant demands for said labor and skill so expended is Three Thousand Eight Hundred Sixty-Five Dollars ($3,865.00);

"That there are no just credits and offsets to be deducted; that no part of the said sum has been paid and there is now due and remaining unpaid thereon the sum of Three Thousand Eight Hundred Sixty-Five Dollars ($3,865.00), in which amount he claims a lien upon said property.

"/s/ Victor C. Rivers
"Claimant

"(Verification)"

The defendants demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action. The demurrer being overruled, the defendant, Keith Capper, answered, admitting that the plaintiff is a civil engineer and architect and that the defendants are the owners of the lands described in the complaint and the lien. Defendants, Tony Pastro and Mary Pastro, deny all the allegations of the complaint and, as an affirmative defense, allege that Keith Capper has agreed to hold them harmless from any costs incurred by him in the preparation of plans and specifications and all costs of supervision of construction by the plaintiff as architect, and denying that they had employed him to do or perform any work upon their property, and denying any indebtedness to the plaintiff.

Keith Capper alleges in his affirmative defense that he had entered into a contract with and employed the plaintiff to prepare plans and specifications for the construction of a building on the defendant's property, agreeing to pay him therefor 4% of the contract cost of the building. He further alleges that the plaintiff prepared plans and specifications in accordance with the contract and had been paid therefor $2790, which amount was in full payment of his fees for that service.

The affirmative answer further alleges that Keith Capper "is not indebted to the plaintiff in any sum, save and except an amount not exceeding $350.00," and that that sum has been attached by a writ in another cause in which the plaintiff is one of the defendants.

It was developed at the trial that the plaintiff had received from the defendant, Keith Capper, the sum of $2790, fees for work as an architect for what were described as the "basic" plans. The plaintiff's present claim for which he filed his lien is based upon his work as an architect and engineer, upon changes, additions and alterations to the "basic" plans and for inspections by him as the work of building progressed. These inspections consisted of check-

ing the amount of work done and the materials on hand, and the making of a certificate by the plaintiff as a basis for the several payments by defendants to the contractor. There were seven of these payments, each of which contained a certificate by the plaintiff, the last being designated as "Estimate No. 7—Final" and dated October 31, 1946, the date claimed by plaintiff as the date upon which his service terminated.

The total amount of compensation claimed by plaintiff is $3865, plus $23.30 paid by him for preparing, verifying and recording the lien.

At the close of the plaintiff's case, the defendants moved for dismissal of the cause on the same grounds set forth in the demurrer. Decision having been reserved and the cause having been tried by the Court, the defendants renewed the motion to dismiss.

The statute under which the lien is filed and the suit brought is as follows:

"Sec. 1982. Who entitled to lien on structures, etc., machinery and lands. Every mechanic, artisan, machinist, contractor, lumber merchant, laborer, teamster, drayman, and other person performing labor upon or furnishing material of any kind to be used in the construction, alteration or repair, either in whole or in part, of any building, wharf, bridge, flume, fence, machinery or aqueduct, or any structure or superstructure, shall have a lien upon the same for the work or labor done or material furnished at the instance of the owner of the building or other improvement, or his agent. (691–CLA; 1–118–33)."

■■ The demurrer to the complaint, on the grounds that it does not state facts sufficient to constitute a cause of action, is available at any time and is never waived. The motion to dismiss was in the nature of a general demurrer. 49 C.J. 674.

The contention of the defendants is that an architect is not entitled to a lien under our statute.

The plaintiff admits that he did no supervisory work in connection with the construction of the buildings for which he claims to have made plans and specifications.

The first question to be decided is the motion to dismiss. There is diversity of opinion in the decisions as to whether, under the statutes, an architect who only furnishes plans and specifications and does not supervise the work is entitled to a lien. There is no decided weight of authority one way or the other on this phase of the question. It seems, however, that unless the decisions are upon identical or closely similar statutes, they are of little help in deciding the case.

Among those cases holding that an architect is entitled to a lien are the following: Hornlein v. Bohlig et al., 37 Cal.App. 646, 174 P. 697. In this case, it appears that the California statute contains the words "persons bestowing skill."

Marchetti et al. v. Sleeper, 100 Conn. 339, 123 A. 845, 846. Here the statute uses the words, "If any person shall have a claim * * * for materials furnished or services rendered."

In Sanguinett & Statts v. Colorado Salt Co., Tex.Civ. App., 150 S.W. 490, the statutory words are "Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may labor or furnish materials * * *."

In Paterson v. Condos, 55 Nev. 134, 28 P.2d 499; Gould v. McCormick, 75 Wash. 61, 134 P. 676, 47 L.R.A.,N.S., 765, Ann.Cas.1915A, 710, and Gaastra et al. v. Bishop's Lodge Co., 35 N.M. 396, 299 P. 347, the statutes use the words "Every person performing labor upon * * *." [55 Nev. 134, 28 P.2d 501]

In each case cited, architects were held to be entitled to a lien based upon the construction of the statute wording.

In the Ohio case of Robert V. Clapp Co. v. Fox, et al., 124 Ohio 331, 178 N.E. 586, 588, however, the court denied an architect a lien under a statute which provided: "Every person who does work or labor upon, or furnishes machin-

ery, material, or fuel, * * * for erecting, altering, repairing, or removing a house, * * * or other building, * * * shall have a lien * * *."

The labor lien law of Alaska provides a lien for every mechanic, artisan, machinist, contractor, lumber merchant, laborer, teamster, drayman and other persons performing labor upon or furnishing material of any kind to be used in the construction, alteration or repair of any building and the other structures mentioned.

■■ An architect is not mentioned in the law unless the words "other persons" be construed to cover such a person. Where general words follow a designation of particular classes of persons, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designation, and as including only persons of the same kind, class, character or nature as those specifically enumerated. The general words are deemed to have been used not to the wide extent which they might bear if standing alone, but as related to words of more definite and particular meaning with which they are associated. An architect is not within the meaning which, under this rule, would be placed upon the words, "other persons."

■ In accordance with the rule of ejusdem generis, such terms as "other persons," when preceded by a specific enumeration, are commonly given a restrictive meaning, and limited to the character of those previously described. 50 Am.Jur. 246.

■ This construction is made more clear upon consideration of the type of service which entitles those persons specifically named to a lien, to wit, those "performing labor upon or furnishing material of any kind to be used in the construction, alteration or repair" of a building. An architect cannot be said to perform labor upon or furnish materials to be used in the construction, alteration or repair of a building. He does not perform labor upon a building, nor does he furnish materials to be used in the construction,

alteration or repair of a building in the sense that the specifically designated persons perform labor or furnish materials.

The drawing of plans and specifications does not, in itself, enhance the value of the property for which they are drawn.

 Our statute, as to those entitled to a lien, should be strictly construed. 40 C.J. 53.

 A strained construction to bring a person within the statute is not permissible. 36 Am.St.Rep. 85.

Since the lien fails, the Court is without jurisdiction to entertain the action based thereon. The action will be dismissed.